WILLIAM EDWARDS *vs.* CHARLES W. IDE.

A statute passed in 1881 provided that the August term of the Superior Court in Windham County should be held in Windham, provided that a convenient place for holding the court there should be furnished without expense to the county. Before this all the terms were by law held at Brooklyn. Held that until a place for holding the court had been furnished at Windham, and established by the actual holding of the court there, Brooklyn remained the proper place for the return of writs for the August term.

CIVIL ACTION, brought to the Superior Court in Windham County. Motion to erase the case from the docket; motion denied; plea to the jurisdiction; demurrer to the plea; demurrer sustained, and, the defendant not answering over, judgment rendered for the plaintiff, by *Carpenter, J.* Motion in error by the defendant. The case is fully stated in the opinion.

*J. M. Lyon* and *T. E. Graves,* for the plaintiff in error.

*S. H. Seward,* with whom was *P. J. O'Leary,* for the defendant in error.

PARDEE, J. The writ in this case is dated May 4th, was served May 5th, and is made returnable to the Superior Court to be holden at Brooklyn in Windham County on the 4th Tuesday in August, all in 1881.

The statute (Session Laws of 1877, chap. 69,) makes that a return day to that court at that place. The statute (Session Laws of 1881, chap. 94, sec. 6,) provides that "the term of the Superior Court for Windham County held on the 4th Tuesday in August in such year, shall be held at Windham, * * provided however that a convenient place for holding such court at Windham shall at all times be furnished without expense to the county." This statute went into effect on May 1st, 1881.

The defendant asked the court sitting at Windham on

the 4th Tuesday in August, 1881, to erase the case from its docket, for the reason that the writ was returnable to it at Brooklyn. The court refused; he then filed a plea to the jurisdiction; the court overruled it and rendered judgment against him; he filed a motion in error.

The statute of 1881 rests upon a contingency; by it, if on the 4th Tuesday in August, 1881, some unnamed person or corporation shall provide a convenient place for the session of the court at Windham, without expense to the county, the court is to be there holden; if not, it is to sit at Brooklyn. It does not compel any person or corporation to provide such place; it does not require that it shall be tendered to the county, or be in readiness for use, until the day of session. Indeed, as there is no provision for a determination by any tribunal that such a place had been provided and was sufficient for the purpose, the fact could be established only by the judicial sanction involved in the action of the court in holding its session there.

Brooklyn then being the returning place for writs would not cease to be such until a place meeting all the requirements of the statute had been provided for the court at Windham; for the statute is not to be so interpreted that there shall be any day upon which a suitor has no certain place of return for the writ which issues upon his request; and, as it is not found, and is not averred even in the plea, that on May 5th, 1881, any place had been provided and established for the session of the court at Windham, Brooklyn had not then been affected by the statute, and a writ served upon that day was properly made returnable at that place.

There is no error.

In this opinion the other judges concurred; except CARPENTER, J., who, having tried the case in the court below, did not sit.